## No. 395

### First Circuit

---

## HAAS v. O'PRY
## FARMERS BANK & TRUST CO., INTERVENER

---

(February 13, 1929. Opinion and Decree.)
(April 13, 1929. Rehearing Refused.)
(May 20, 1929. Writ of Certiorari and Review Refused by Supreme Court.)

---

John W. Lewis, of Opelousas, attorney for plaintiff, appellant.

W. J. Carmouche, of Crowley, attorney for defendant, appellee.

594

LECHE, J. The facts in this case are that the Farmers Bank & Trust Company held a mortgage note of defendant affecting certain property belonging to defendant, amounting to seven thousand dollars. The mortgage by which the note was secured had been recorded on February 21, 1920. On January 7, 1926, defendant gave another mortgage on the same property to secure a note of twenty-five hundred dollars in favor of the plaintiff, Mrs. Jeanette R. Haas, and that mortgage was recorded on January 14, 1926.

On November 12, 1926, defendant sold the same property at private sale to Albert Breaux, for a true consideration of fifteen hundred dollars. Breaux at that time was surety for defendant for having guaranteed the Farmers Bank & Trust Company against loss on its claim represented by the seven thousand dollar note of defendant. The consideration in the sale from defendant to Breaux was represented by a note made and subscribed by Breaux for fifteen hundred dollars, which was turned over to the Farmers Bank & Trust Company in satisfaction of a balance for an equal amount remaining due by defendant and by Breaux as surety on the mortgage note of seven thousand dollars. The property by this sale passed out of the hands of defendant and became owned by Breaux and its value went into the hands of the Farmers Bank & Trust Company to cover a balance of fifteen hundred dollars remaining due and unpaid on the note of defendant for seven thousand dollars then held by the Farmers Bank & Trust Company. Thereupon or shortly after, the Farmers Bank & Trust Company surrendered the seven thousand dollar note and caused the mortgage by which it was secured to be canceled and erased from the record.

On October 21, 1927, Mrs. Jeanette R. Haas, plaintiff, instituted foreclosure proceedings against defendant for a balance of $1331.93, remaining due and unpaid on her mortgage note of $2500, of date January 7, 1926, which proceedings she subsequently converted into via ordinaria. It was only then that Breaux and the Farmers Bank & Trust Company realized that when defendant sold the property to Breaux on November 12, 1926, the property was encumbered with the mortgage held by plaintiff. The Farmers Bank & Trust Company, now holding the property, or to be more accurate, holding its value in the shape of Breaux's note for $1500, filed the intervention and third opposition which forms the basis of this controversy.

The prayer of intervener and third opponent's petition is (1) That the mortgage resulting from the inscription of the sale and mortgage passed and recorded on November 12, 1926, be recognized as priming and outranking the mortgage claim of plaintiff. (2) That plaintiff's mortgage be decreed void and without force and effect. (3) In the alternative, that plaintiff's mortgage be canceled and annulled insofar as it pretends to affect the property transferred by (defendant) O'Pry to Albert Breaux. (4) Again in the alternative, that said mortgage of plaintiff be declared paid and extinguished. (5) Again in the alternative, that other property of defendant be sold before the real estate involved herein be seized and sold and the proceeds attributed to the payment of plaintiff's claim. before proceeding against the property covered by intervener's mortgage * * *, and for general relief.

Intervener argues that the foundation of its suit is the case of Pugh vs. Sample, 123 La. 791, 49 So. 526, 39 L. R. A. (N. S.) 834. That case holds in effect, that where

a mortgagor makes a sale of his property to his mortgagee in consideration of the mortgage debt resting on the property, such sale does not extinguish the mortgage debt by confusion, where the title is imperfect or encumbered, and that the mortgage which was apparently destroyed upon the assumption of perfect ownership in the vendee, revives and comes back into existence.

Third opponent's position, if we rightly understand it, is that when Breaux bought the property on November 12, 1926, in consideration of the balance of $1500 due to it on its $7000 mortgage note, the title being encumbered with the $2500 mortgage of Mrs. Haas, the plaintiff, Breaux, acquired nothing, and its mortgage claim was not extinguished by confusion, but either it has revived or has continued to exist unimpaired.

The difficulty in applying to this case the equitable doctrine established in the Pugh vs. Sample case, supra, is that the sale made by the mortgagor was not made to third opponent, mortgagee, and therefore there could arise no confusion of claims as between the third opponent and the defendant mortgagor. Although Breaux may have been acting to protect himself as surety and to protect third opponent, he was nevertheless a third person and still holds the title though encumbered with the mortgage of Mrs. Haas. If on the other hand, the sale of the property by defendant to Breaux did not affect the $7000 mortgage of opponent, that mortgage cannot now be recognized as still existing for the reason that third opponent ordered and obtained its cancellation. And besides this there is still another impediment to the recognition of third opponent's mortgage of $7000 and that is that third opponent does not pray for that particular relief. The prayer of its petition is for recognition of the $1500 dollar mortgage given by Breaux on November 12, 1926, which it now holds in lieu of its original $7000 mortgage.

It must be observed that the question of registry of mortgages is not an issue in the case of Pugh vs. Sample, nor in the cases cited as authority for that decision. Although registry is of no effect as between the mortgagor and mortgagee, it is of the essence of a mortgage as to third persons. Here we are confronted with a situation where the mortgage was actually canceled and erased from the public record by order of the holder. It is no doubt true that it acted through error of law, but that cannot be pleaded against third persons who may have acted on the face of the public record.

After third opponent canceled its mortgage of $7000, superior in rank to that of plaintiff, plaintiff had the right to assume that it had been extinguished and to proceed on the assumption that her own mortgage was the first in rank on the property.

If the Farmers Bank & Trust Company had bought the property in consideration of $1500, the balance due on its $7000 mortgage note, had not canceled the mortgage and the title to the property had been good and unencumbered, the debt would have become extinguished by confusion and the mortgage, an accessory obligation, would have vanished with the extinction of the debt. If on the other hand, under the same conditions, the title had been defective and encumbered, there would have been no extinguishment of the debt and no extinguishment of the mortgage, both would have revived and continued to exist unimpaired. Such is the equitable doctrine enunciated in the case

of Pugh vs. Sample, as we understand that decision.

But here the property was not bought by the Farmers Bank & Trust Company, it was bought by Breaux, a third party. The Farmers Bank & Trust Company voluntarily canceled its $7000 mortgage. It did not do so under compulsion and plaintiff, Mrs. Jeanette Haas, had the right to assume that the $7000 debt had been paid and extinguished. Again it appears that the judgment appealed from grants a relief which is ultra petitionem. The mortgage securing the $1500 note, made and consented to by Breaux is clearly outranked by that of Mrs. Jeanette Haas, and yet intervener prays that it be recognized as priming that of Mrs. Haas. It does not pray that the $7000 mortgage be recognized as revived and as being unimpaired, the sole relief which could be granted under the Pugh vs. Sample decision.

We believe that the judgment of the trial court is erroneous and for the reasons stated, it should be avoided and reversed, and that intervener and third opponent's demand should be rejected, and it is so ordered.

---

## ON APPLICATION FOR REHEARING

LECHE, J. Intervener has applied for a rehearing in the above matter, and it urges earnestly that we have erred both as to the facts and as to the law pertinent to the case.

We referred in our opinion to intervener as mortgagee in the mortgage securing O'Pry's $7000 note. Technically speaking, intervener is correct inasmuch as Breaux was the real mortgagee. We further considered the case as if intervener was the owner of the $7000 note, when in point of fact, intervener only held the note as collateral security for a debt of which O'Pry was the principal debtor and Breaux was the surety. (Record, p. 61.) On the other hand, it is patent that intervener had possession and custody of the $7000 note, for that is a necessary condition in the contract of pledge, and it further appears from the testimony (Record, pp. 71-77) that intervener also had control of the $7000 note, for the mortgage securing it was canceled by the intervener and it does not appear that the note ever was returned to the possession and custody of Breaux, but was sent by intervener directly to the Recorder of Mortgages for cancellation.

It is also beyond question that at the time O'Pry sold the property to Breaux, on September 12, 1926, the note of $7000 was in the possession and custody of intervener and that Breaux could not therefore surrender it to O'Pry. Immediately on the passage of that sale, Breaux owned the property, intervener held the note with all the indicia of owner so far as third persons were concerned, and O'Pry owed the debt. This is the situation created by the sale from O'Pry to Breaux on September 12, 1926. Hence our deduction that the principle recognized in Pugh vs. Sample, 123 La. 791, 49 So. 526, 39 L. R. A. (N. S.) 834, could not apply.

To create the extinction of a debt by confusion, the qualities of debtor and creditor must be united in the same person. C. C. art. 2217. But these qualities were certainly not united in either of these parties, for Breaux held the property and intervener held the debt. So far as O'Pry and Mrs. Haas are concerned the debt was extinguished by novation, when intervener surrendered its claim for $1500 secured by the $7000 mortgage note of O'Pry, and accepted in lieu thereof the note of $1500 signed and subscribed by Breaux on September 12, 1926, and in

pursuance of that intention, intervener further surrendered the $7000 note to the Recorder for cancellation of the mortgage by which it was secured.

Intervener urges anew, other grounds alleged in its petition for relief, but these have already been passed upon and we see no reason to change our original findings of law. The question involved is complicated, has received our earnest consideration and has been solved to the best of our understanding.

The application for rehearing is therefore refused.